## C. A. Peterson v. Charles Bostrom.

1. SALES—*Of Personal Property—Delivery—Liens of Executions.*—
Between eight and nine o'clock in the morning A. sold his buggy to
B. and gave him an order for it on a livery stable keeper in whose pos-
session it then was.   At twelve o'clock an execution was issued against
A. and placed in the hands of a constable.   At five o'clock of the same
day the purchaser presented the order he had received to the livery-
man and took the buggy away.   Two days later it was levied upon by
the constable while in the possession of the purchaser.   *It was held* that
under the law and the circumstances of the case the execution was
not a lien upon the buggy.

Replevin.—Appeal from the Superior Court of Cook County; the
Hon. FARLIN Q. BALL, Judge, presiding.   Heard in the Branch Appel-
late Court at the October term, 1900.   Affirmed.   Opinion filed Decem-
ber 24, 1901.

LOUIS GREENBERG and WILLIAM M. KLEIN, attorneys for
appellant.

HENRY F. JOSLIN, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action of replevin.   The facts were agreed
upon by counsel in open court and substantially are that
between eight and nine o'clock in the morning of Septem-
ber 5, 1899, one Alund sold his buggy to appellee and gave
him an order on a liveryman in whose possession it then
was.   At twelve o'clock upon the same day an execution
against Alund was issued and placed in the hands of appel-
lant, a constable.   At five o'clock upon the same day appel-
lee presented the order he had received, to the liveryman
and took the buggy away.   Two days later it was levied
upon by appellant while in the possession of appellee.
Thereupon appellee brought this action of replevin.   Appel-
lant claims that the order for the buggy was not a delivery
good as against creditors; and the execution having come
to his hands before the order was presented to the livery-
man, he had a right to seize the buggy upon his execution.

The statute of this State, section 124 of chapter 79, is as
follows:

"The personal property of every defendant in a judgment before a justice of the peace, not exempt from execution, shall be bound for the payment of such judgment from the delivery of the execution issued thereon to the constable."

It will be perceived that it is only the personal property of the defendant in a judgment that is bound. The question in this case is, therefore, whose property was this buggy at the time the execution came into the hands of the constable.

Shepherd's Touchstone, p. 224, states the common law as follows:

" If one sell me his horse or any other thing for money or other valuable consideration, and, first, the same thing is to be delivered to me at a day certain, and by our agreement a day is set for the payment of the money; or, secondly, all, or, thirdly, part of the money is paid in hand; or, fourthly, I give earnest money, albeit it be but a penny, to the seller; or, lastly, I take the thing bought by agreement into my possession, where no money is paid, earnest given, or a day set for the payment—in all these cases there is a good bargain and sale of the thing to alter the property thereof."

And in Noy's Maxims, p. 87, it is stated:

" If I sell my horse for money I may keep him until I am paid, but I can not have an action of debt until he be delivered; yet the property of the horse is by the bargain in the bargainee or buyer; but if he presently tender me my money and I refuse it, he may take the horse, or have an action of detinue; and if the horse die in my stables between the bargain and delivery, I may have an action of debt for the money, because by the bargain the property was in the buyer."

So, too, in Simmons v. Swift, 5 B. & C. 862, it is said:

" Generally, where a bargain is made for the purchase of goods, and nothing is said about payment or delivery, the property passes immediately, so as to cast upon the purchaser all future risk, if nothing remains to be done to the goods, although he can not take them away without paying the price."

And in Dickson v. Yates, 5 Adolphus & Ellis, 313–340,

and Benjamin on Sales, 6th Ed., p. 252-253, "the rule is laid down that by the law of England the sale of specific chattel passes the property in it to the vendee without delivery."

In the present case the vendee actually obtained possession of the property before there was any levy, while the title to it passed by the bargain and order of delivery given to him. The property having thus become that of appellee, appellant's mere execution against a third party was not a lien upon it.

The judgment of the Superior Court is affirmed.